UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

SHERIF KHALIL et al.,

       Defendants.
_____/

Case No. 22-cr-20200

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**DENYING THE GOVERNMENT'S MOTION SEEKING A RULE 15 DEPOSITION**
**(Dkt. 225)**

The Government moves for leave to take a deposition to preserve testimony pursuant to Rule 15 of the Federal Rules of Criminal Procedure. See Mot. (Dkt. 225). Defendant Sherif Khalil objects on the grounds that the motion is untimely and not justified by exceptional circumstances or the interests of justice. See Resp. (Dkt. 229). The Court agrees with Khalil and denies the motion.

The motion is premised on the health condition of a witness listed by the Government, identified as G.P., for whom travel from her Florida residence to Michigan for trial would be difficult. Mot. at 2–3. The condition consists of anxiety and physical limitations.[1] While the Court is sympathetic to G.P.'s health difficulties, the Government fails to explain why this motion was filed so late. Although trial was scheduled to begin on January 9, 2025, the motion was not filed until December 11, 2024. G.P. was listed by the Government as a witness a year ago. Resp.

---

[1] The motion explains that G.P. has extremely limited mobility, due to a 2022 accident that caused significant back, arm, hand, and shoulder problems. Mot. at 3.

at 2. And her health issues were also known for some time, as demonstrated by an investigative report prepared by an FBI case agent who met with G.P. in November 2023. See 12/7/2023 FBI Investigative Report (Dkt. 229-2) ("[G.P.] was injured on the job in May 2022. [G.P.] sustained upper body injuries as a result of trying to catch a patient . . . . [G.P.] had surgery in April and May 2023 and has been out of work since April 2023."). Despite a motion cut-off of August 23, 2024 (Dkt. 161), the Government inexplicably delayed filing until a month before trial was scheduled to begin.[2]

Taking a deposition for use at a criminal trial is the exception, not the rule. Fed. R. Crim. P. 15(a) (allowing courts to authorize deposition testimony for use at trial only "because of exceptional circumstances" and "in the interest of justice"). Live, in-court testimony is the preferred method of presenting a case to the jury because such testimony aids the jury in assessing credibility and better serves the values of the Confrontation Clause. See, e.g., Maryland v. Craig, 497 U.S. 836, 846 (1990) ("The combined effect of these elements of confrontation—physical presence, oath, cross-examination, and observation of demeanor by the trier of fact—serves the purposes of the Confrontation Clause by ensuring that evidence admitted against an accused is reliable and subject to the rigorous adversarial testing that is the norm of Anglo–American criminal proceedings."); Brumley v. Wingard, 269 F.3d 629, 642 (6th Cir. 2001) (noting the Confrontation Clause's "preference for face-to-face confrontation at trial"); United States v. Gigante, 166 F.3d 75, 81 (2d Cir. 1999) (explaining that "the salutary effects of face-to-face confrontation include . . . the ability of the fact-finder to observe demeanor evidence . . . .").

---

[2] The start of trial was later delayed until January 15, 2025 due to health issues of a defendant, which did not surface until December 23, 2024.

Exceptional circumstances are not present here; and allowing G.P.'s testimony to be preserved for trial would not serve the interests of justice. G.P.'s expected testimony was to focus on the issue of whether Defendant Kurt Schroeder instructed or solicited physician personnel to order tests that physicians had not authorized. Mot. at 2. But the best G.P. can say is that she "assumed Kurt Schroeder told her how to fill out the requisition forms since he worked for the lab." 12/6/2024 FBI Investigative Report at PageID.2413 (Dkt. 245-2) (emphasis added). She said she had "a good memory in 2021"—when she previously spoke with agents—but "does not remember now." Id. This type of testimony—which is based on an assumption rather than actual recollection—is not admissible under Federal Rule of Evidence 602, which states that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." See Fed. R. Evid. 602; U.S. Equal Emp. Opportunity Comm'n v. McLane/E., Inc., No. 5:20-cv-1628, 2023 WL 7701707, at *2 (N.D.N.Y. Nov. 15, 2023).

Despite the dubious utility of the testimony, the Government would compel four Defendants and their attorneys to attend a deposition in Florida, when final trial preparations are pressing to a conclusion. Diverting defense resources at the last minute, without justification for the tardiness, and without much, if any, significant testimony as the ultimate achievement, does not amount to "exceptional circumstances" or otherwise serve the interests of justice.[3]

The motion is denied.

SO ORDERED.

---

[3] Due to the plethora of pre-trial motions and other issues raised by the parties, as well the courthouse closure due to inclement weather, the issuance of this opinion has been delayed. However, the parties were advised by email on December 23, 2024 of the Court's ruling on the instant motion.

Dated:  February 3, 2025                            s/Mark A. Goldsmith
Detroit, Michigan                                   MARK A. GOLDSMITH
                                                    United States District Judge